PEARSON, Judge.
The appellant is the former husband of the appellee. They were divorced in 1968 by a judgment of the Circuit Court in Dade County, Florida. That judgment adopted the terms of a property settlement agreement between the parties. The agreement provided for child support and alimony which were included in the final judgment. Thereafter, the appellant unilaterally and without authority cut off ap-pellee’s alimony payments. The appellee wife brought a petition for enforcement of the judgment. The appellant husband brought a petition for modification.
After hearing testimony, the trial judge denied the former wife’s petition to hold the appellant in contempt, reduced the past due alimony to judgment and denied any prospective reduction of alimony payments.
On this appeal, the appellant urges that the record does not support the action of the trial judge in refusing to reduce the amount of the alimony. We are inclined to agree with the appellant but must point out that the action of the trial judge, while not justified, is fully explained by the conduct of the appellant before the court. The trial court indicated a willingness to consider a reduction in alimony and in so doing inquired as to the amount the appellant would suggest as reasonable and would be willing to pay. Appellant announced his adamant position that no alimony was justified and let it be known that he would not pay any further alimony. Faced with this presumptive contempt to a prospective order, the trial judge denied relief.
While we can fully understand the trial judge’s position in denying relief, we find that it cannot be sustained as a matter of law. If the appellant is to be in contempt for the failure to pay alimony, it must be for alimony that has been approved by the court as proper under the circumstances presently existing. We therefore remand the cause with directions to the trial judge to fix an amount of alimony commensurate with the appellee’s needs and appellant’s ability to pay.
Reversed and remanded.